ST. LOUIS, S. F. & T. RY. CO. v. INMAN.

(Court of Civil Appeals of Texas. Texarkana. May 18, 1911.)

MASTER AND SERVANT (§ 32*)—DISCHARGE OF SERVANT—SERVICE LETTER—RIGHT OF ACTION.

In an action against defendant railroad company, the pleading and proof showed that plaintiff, a brakeman, refused to handle cars when directed so to do, on the ground that it was dangerous, and was discharged therefor. A service letter was given to him, in response to his written demand, which was never circulated by the company. There was nothing to question the good faith of defendant in its statement that plaintiff had been guilty of insubordination. *Held* that, as the letter from the standpoint of the railway company was wholly true, plaintiff had no cause of action because of the same against defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 38; Dec. Dig. § 32.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by W. J. Inman against the St. Louis, San Francisco & Texas Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Chapman & Lockett and Andrews, Ball & Streetman, for appellant. Mothershead & Rector, for appellee.

LEVY, J. On the morning of January 30, 1907, the appellee, who was in the employ of appellant as a brakeman, was directed to go out as brakeman with a train from the west yards to North Ft. Worth. It seems

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

that the train at the time was so arranged that about 21 cars were behind and 8 cars of cattle in front of the engine. The appellee refused to go as brakeman unless the 8 cars were placed in the rear of the engine, or attached to the other cars. He claimed at the time that it was unsafe and dangerous to operate the cars ahead of the engine. Upon his refusal to act as brakeman with the train so arranged, he was discharged. On March 23, 1908, appellee wrote the general superintendent the following letter: "W. B. Drake, General Supt., Dear Sir: Age 37, height 5.10, dark hair, blue eyes, complexion light, was discharged on January 30th for refusing to handle eight cars of stock to North Ft. Worth without the equipment of air on the train for proper safety. Please so furnish me clearly in letter as to convey the insubordinate part of my conduct as this is the first time I was ever discharged. With kind regards, Yours truly, W. J. Inman." The superintendent answered as follows: "In accordance with your request, I inclose herewith service letter covering your employment by this company. You will note it is shown you were discharged from the service for insubordination. In this connection, I will say with reference to the point raised in your letter that you refused to handle eight cars of stock to North Ft. Worth without air being coupled up; that this was a yard movement and there was no necessity for having air coupled up, and your refusal to go out with this train was clearly insubordination. Yours truly, W. B. Drake." The service letter given reads as follows: "Fort Worth & Rio Grande Railway Company, Saint Louis, San Francisco & Texas Railway Company; Certificate No. 4001. Fort Worth, Texas, April 2, 1908. This is to certify that W. J. Inman has been employed in the capacity of switchman, from March 24, 1907, to January 31, 1908. Reasons for leaving service: Discharged on account of insubordination. Age, thirty-seven years; weight, unknown; height, five feet ten inches; complexion, light; hair, blond; eyes, blue. [Signed] W. B. Drake, Vice President and General Superintendent."

In his petition appellee claimed that he was not acting in insubordination, because the conditions were such as to justify his refusal to proceed as brakeman on the cars, and therefore the statement of the cause of his discharge was false, and that the railway company failed to give him a true statement of his discharge, in that it did not truly state the circumstances under which he refused to proceed further with the performance of his duties. He claimed that on account of the statement of the cause of his discharge as insubordination he has suffered damages, and sued. The pleading and the proof admit the fact to be true that appellee refused to act as brakeman and handle the eight cars when directed to do so by the agent of appellant

having authority to command appellee, and that he was discharged from the service solely for his refusal to obey the order in this respect of his superior officer. And it is conclusively shown that the service letter given to appellee was given to him in person in response to a written demand, and was never circulated or published by the company to his injury. There is no suggestion in the proof or pleading going to question the good faith or honest belief of the appellant that the appellee had been guilty of insubordination. It is undisputed that the statement in the letter evidenced correctly and truly the cause upon which the company acted at the time of the discharge, and that the cause assigned in the letter is the same cause as that upon which the company acted in the first instance. Under the pleading and proof, therefore, we think the case of St. Louis Southwestern Railway Company of Texas v. S. J. Hixon, 137 S. W. 343, lately decided by the Supreme Court, is authority ruling this case.

So, under the undisputed proof that the ground given in the service letter was, from the standpoint of the railway company, wholly true, and the letter given in good faith on demand therefor, following the authority cited, the judgment should be reversed and here rendered for the appellant, with all costs, and it is so ordered.